IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUTHWAITE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05 C 3273 |
| ) | |
| ECOLAB, INC., ) | |
| ) | |
| Defendant. ) | |
| ------------------------------------- | |
| ECOLAB, INC., ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HUTHWAITE, INC., ) | |
| ) | |
| Counter-Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that it owns all relevant copyright rights in the book, *SPIN Selling*, and that defendant has infringed by creating and using a derivative work in its training programs. Defendant denies infringing and has also filed counterclaims and eight affirmative defenses. Plaintiff moves to dismiss Counterclaim I and the affirmative defenses. That motion is granted in part and denied in part.

Counterclaim I seeks to cancel two trademarks registered to plaintiff. The parties are in agreement that trademark cancellation is generally an administrative matter but, pursuant to 15 U.S.C. §1119, a court may order cancellation "[i]n any action involving a registered mark ...." Defendant claims that the marks are involved because they are depicted in a Power Point discussion guide prepared by defendant, which is the target of the infringement claim. Moreover, defendant contends that in a March 21, 2001, letter, plaintiff expressly stated that

the use of the marks in connection with any training program would constitute trademark infringement.

But plaintiff has not asserted any trademark claim in this litigation; it disclaims that it could sue for infringement based on mere depiction, and the thrust of its argument is that it has no intention of pursuing a trademark infringement claim. If it should ever change direction and seek to use the marks offensively, this court would of course permit the defendant to raise a cancellation counterclaim. For now, however, and in all likelihood in the future, this action does not involve registered marks. The motion to dismiss Counterclaim I is granted.

We see no purpose to be served by dismissing affirmative defense I, that the use "was *de minimis* and/or constitutes fair use under 17 U.S.C. §107." Essentially, the same issue is raised by Counterclaim II, which plaintiff has answered. And it will be an issue in this lawsuit. Plaintiff claims a copyright in a book, a medium of expression. It cannot, however, claim rights in the ideas expressed in the book – but it can charge infringement by derivative works. The Power Point presentation is the target, and we cannot know solely from the pleadings what is literal copying (if any), what may be derivative expression and what may be the use of concepts that plaintiff cannot protect, and what the mix among those might be.

The bald assertions of affirmative defenses of acquiescence and waiver (No. 2), estoppel (No. 3) and limitations (No. 6), are simply not enough. They are dismissed. If something should turn up during discovery – or if defendant used the Power Point discussion guide only prior to the period not subject to a limitations defense (and it obviously has the necessary information), it can file an amended defense. We note, as well, that any "how to" book obviously supposes that the reader will learn from, use and benefit from the information provided, but that does not provide a license to copy the book.

We are not sure what defendant has in mind in affirmative defense No. 4. Not everyone who has some interest in a copyright needs to join in as a plaintiff. Plaintiff does need to prove that it has a sufficient interest to be entitled to relief. But that is plaintiff's burden, and the converse is therefore not an affirmative defense. No. 4 is dismissed.

We also conclude that affirmative defense No. 5 is also too much a bald assertion and it is dismissed. A critical review of a Shakespeare play will necessarily include much material in the public domain, but that does prevent copyright protection of the original part of the work. We do not, however, dismiss affirmative defense No 7. It places plaintiff on notice that defendant is contending that plaintiff knew that the author had published the material back in the 1970s and that it had thereby been dedicated to the public, and that he and/r plaintiff obtained the copyright without advising the Copyright Office that the material was not protectable. That seems to be what the defense claims. While that is in a sense a converse of the plaintiff's burden of proving it has a valid copyright, we think it raises sufficient new and affirmative matters to stand as an affirmative defense. The motion to dismiss No. 7 is denied.

Finally, we dismiss, for now, affirmative defense No. 8, copyright misuse. Defendant's concept seems to have changed over time, with the allegations differing from the subsequent explanation in defendant's response brief. More significantly, as we read the complaint, plaintiff's claim begins and ends with the Power Point discussion guide. Claiming infringement by a writing cannot possibly be copyright misuse unless the claim is patently frivolous.

JAMES B. MORAN
Senior Judge, U. S. District Court

Jan. 4, 2006.